IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JIMMY SHANE CANTRELL,
ADC #98730                                                                    PLAINTIFF

v.                                          2:09CV00184BSM/JTK

MIKE BEEBE, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the Court on plaintiff's motion for temporary restraining order and for copies not received, which this Court construes as a motion for preliminary injunctive relief (Doc. No. 78). Defendants have filed a response in opposition to the motion (Doc. No. 80).

The standard in this circuit for reviewing a motion for a preliminary injunction was established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

(1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants;

(3) the probability that movant will succeed on the merits;
and (4) the public interest.

Id. No single factor is dispositive, but the movant must establish a threat of irreparable

harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be

issued. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th

Cir. 1989) (en banc).

In Goff v. Harper, 60 F.3d518, 520-21 (8th Cir. 1995), the court addressed the district

court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always
> be viewed with great caution because judicial restraint is especially
> called for in dealing with the complex and intractable
> problems of prison administration...[t]he courts should not get involved
> unless either a constitutional violation has already occurred or the threat
> of such a violation is both real and immediate.

Plaintiff is an inmate incarcerated at the East Arkansas Regional Unit of the Arkansas

Department of Correction (ADC), alleging defendants unconstitutionally filed disciplinary

charges against him in retaliation for plaintiff's filing of grievances and lawsuits. Plaintiff

also challenges a Parole Board statute or regulation concerning housing restrictions he might

face upon release from incarceration. Finally, plaintiff alleges a First Amendment access

to the courts violation with respect to his limited access to the Unit law library. In the

present motion, plaintiff appears to state that defendants continue to retaliate against him by

preventing his legal mail from being processed and mailed. Plaintiff also states he has not

received copies from the Court of many documents which appear on the docket report.

Finally, plaintiff states he believes the likelihood of interferences with his legal and personal

mail to be great, and asks the Court to order defendants to prohibit mail interferences.

In response, defendants deny interfering with the plaintiff's mail, either incoming or outgoing.  Defendants also state they are unsure about plaintiff's allegations in his motion, and deny his claims of retaliation.

Having reviewed plaintiff's motion, it appears to the Court that plaintiff is expressing concern over whether certain documents were received by the Court, and blaming defendants for any documents not received.  Specifically, plaintiff refers to documents 44, and 48, which reflect multiple mail infringement.  These documents were received and filed. Furthermore, the two documents plaintiff claims to have mailed on April 20, 2010 were received by the Court and docketed as documents 73 and 74.  Finally, plaintiff's motion to recuse was received and docketed as 64.  Plaintiff does not, however, state in any way how any of the defendants have specifically acted to impede his mail and/or access to the Court. Rather, the documents about which plaintiff expresses concern have been received by the Court.  Finally, to the extent plaintiff states he has not received certain documents and asks for copies, the Court will grant that request.

Therefore, in light of defendants' response to plaintiff's motions, the <u>Dataphase</u> considerations, and the standard set forth in <u>Goff</u>, <u>supra</u>, the Court finds plaintiff has not alleged any facts to support a finding of irreparable harm so as to require a hearing under the <u>Dataphase</u> factors, and therefore, his motion will be denied.   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motion for temporary restraining order, which this Court construes as a motion for preliminary injunctive relief (Doc. No. 78)

is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for copies not received (Doc. No. 78) is hereby GRANTED.  The Clerk shall forward to the plaintiff copies of docket entries 58, 66, 68, 70, 72-74.

IT IS SO ORDERED this 14th  day of May, 2010.

_____

United States Magistrate Judge