# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION

**JIMMY SHANE CANTRELL,**
**ADC #98730**                                                         **PLAINTIFF**

**v.**                              **CASE NO. 2:09cv00184 BSM/HLJ**

**MIKE BEEBE, et al.**                                               **DEFENDANTS**

## ORDER

The court has received proposed findings and recommendations from United States Magistrate Judge Henry L. Jones, Jr. After reviewing the proposed findings and recommendations, the timely objections received thereto, and the record *de novo*, it is concluded that Judge Jones's recommendations should be adopted.

The proposed findings and recommendations are adopted because plaintiff, Jimmy Shane Cantrell ("Cantrell"), fails to state a claim against defendants. Additionally, his constitutional claims, based on the residency restrictions contained in Arkansas Code Annotated § 5-14-131, are frivolous. As stated in the proposed findings and recommendations, Governor Mike Beebe ("Beebe") and Attorney General Dustin McDaniel ("McDaniel") are entitled to Eleventh Amendment immunity and qualified immunity. The Eleventh Amendment bars Cantrell's official capacity claims against Beebe and McDaniel for damages. Although official capacity claims against government officers for injunctive relief are allowed under the Eleventh Amendment, Cantrell cannot bring such claims against Beebe and McDaniel. "A State's Eleventh Amendment immunity 'does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that such officer [has] some connection with the enforcement of the act.'" *Mo. Prot. and Advocacy Services, Inc. v. Carnahan*, 499 F.3d 803, 807 (8th Cir. 2007) (quoting *Reprod. Health Services of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005)). Beebe and McDaniel do not have the requisite connection to enforcement of the statute at issue.

Qualified immunity bars Cantrell's individual capacity claims against Beebe and McDaniel for damages.  Qualified immunity provides a shield from civil liability damages to government officials performing discretionary functions as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Cantrell argues that he has a constitutional right to live with his family upon his parole, regardless of whether that will place him within 2,000 feet of the victim of his abuse.  Although the right to live with family has been upheld by the United States Supreme Court, it is certainly not clear that this right applies to parolees when its exercise will place them close to their victims.  Therefore, this is not a clearly established constitutional right.  Beebe and McDaniel are entitled to qualified immunity.  Additionally, Cantrell has failed to state a claim for injunctive relief against Beebe and Cantrell in their individual capacities because he fails to allege any specific actions taken by Beebe and McDaniel in their individual capacities.

Cantrell fails to state a claim against probation and parole officers Kristen Trigg and Darnell Williams.  As stated in the proposed findings and recommendations, matters pertaining to the parole process are usually governed by state statute, and therefore, are matters of state law, without questions of constitutional magnitude.  In his objections, Cantrell maintains that Trigg and Williams incorrectly applied Arkansas Code Annotated § 5-14-131, which prohibits a registered sex offender from living within 2,000 feet of the residence of his victim. The appropriate forum for such a claim is in state court.

Liberally construing Cantrell's complaint, it seems that he may also bring constitutional claims against Trigg and Williams.  He argues that by applying § 5-14-131, Trigg and Williams violate his fundamental right to live with his family.  He also asserts that the statute unconstitutionally discriminates against sex offenders as a class.  These claims are dismissed as frivolous.  A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The proposed findings and recommendations state that under Arkansas law inmates do not have a right to parole.

Arkansas statutes create only the possibility of parole.  Very few courts have specifically addressed a *parolee's* "right to live with family."  The right to live with one's family has been recognized by the United States Supreme Court.  Addressing this right in *Moore v. City of East Cleveland, Ohio*, 431 U.S. 494, 499 (1977), the Court stated, "freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment."  When governments take action that impacts an individual's choices concerning family living arrangements, "the importance of the governmental interests advanced and the extent to which they are served by the challenged regulation" must be examined carefully.  *Moore*, 431 U.S. at 499.  Because discussion in the courts on the issue of a *parolee's* right to live with family has been minimal, in an act of caution the residency restriction imposed by § 5-14-131 will be analyzed under *Moore*.

The governmental interest advanced by § 5-14-131 is perhaps one of the most important interests of the government: to protect its citizens from harm.  In prohibiting registered sex offenders from living within 2,000 feet of their victims Arkansas is attempting to prevent the offender from harming his former victim any further.  Distancing a victim from an offender is perhaps one of the best ways to keep the victim out of harm's way.  Cantrell lacks an arguable basis for his constitutional claim that § 5-14-131 violates his right to live with his family.  This claim is therefore dismissed as frivolous.  Additionally, sex offenders are not a protected class, and therefore Cantrell's discrimination claim fails.

IT IS, THEREFORE, ORDERED that defendants Mike Beebe, Dustin McDaniel, City of Little Rock, Pulaski County Sheriff's Department, Little Rock Police Department, Mrs. April, M.D. Reed, Lt. Gallon, Officer Robinson, United States Magistrate Judge H. David Young, Kristen J. Trigg, Darnell Williams, Sgt. Westbrook, Arkansas Department of Correction, Officer Green, Moses Jackson, Maurice Williams, Sgt. T. Sanders, and Lt. Humphry, are DISMISSED from plaintiff's complaint.

IT IS SO ORDERED this 2nd day of June, 2010.

3

_____
UNITED STATES DISTRICT JUDGE