IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JIMMY SHANE CANTRELL,
ADC #98730                                                                              PLAINTIFF

v.                                             2:09CV00184BSM/JTK

MIKE BEEBE, et al.                                                                  DEFENDANTS

<u>ORDER</u>

This matter is before the Court on several pending motions filed by the plaintiff.

1) Motion to amend (Doc. No. 72) - In this motion, plaintiff asks to amend his complaint to add claims and approximately thirty-four new defendants, alleging a denial of medical care, a denial of legal materials, and other miscellaneous claims.  Defendants have filed a response in objection to the motion (Doc. No. 88), stating plaintiff is attempting to add new unrelated claims to his complaint, which essentially challenges his conditions of parole.  The Court has reviewed the parties' submissions, and finds plaintiff is attempting to add new claims and new defendants, and that his motion should therefore be denied.

2) Motion for reconsideration (Doc. No. 86) - Plaintiff asks this Court to reconsider its May 10, 2010 Order denying his motion to compel.  Plaintiff provides no reasons in support of his motion, and therefore, it will be denied.

3) Motion to compel (Doc. No. 91) - In this motion, plaintiff asks the Court to compel defendants to provide complete responses to his several requests for interrogatories and production of documents.  Defendants have provided a response (Doc. No. 92), itemizing the requests to which they have objected.  Defendants also indicate they have provided the items requested by plaintiff in Interrogatory No. 1, Interrogatory No. 5, Interrogatory No. 7, Request for Production No. 10, and Request for Production No. 11.  The Court will now address the other requests which are at issue:

a) Request for Production No. 2 - Plaintiff asks defendants to produce documents reflecting the language of Ark. Code Ann. § 5-71-208, its legislative intent, and purposes relevant to § 5-14-131. Defendants object, stating they were not involved in the passage of the legislation and should not be required to research plaintiff's requests. The Court agrees with the defendants and will deny plaintiff's request.

b) Interrogatory No. 2  - Plaintiff asks for names of individuals involved in the movement of protective custody inmates from the Cummins Unit to the Tucker Unit and the East Arkansas Regional Unit (EARU), and reasons for the same. Defendants object as unduly burdensome, irrelevant  to plaintiff's claims, and not likely to lead to admissible evidence at trial. The Court agrees, finding such information irrelevant to the claims asserted in his complaint.

c) Interrogatory No. 3 - Plaintiff asks for the identity of persons who create and authorize administrative regulations, directives and memoranda, and other Management Team members from 2003. Defendants again object based on the broad and unduly burdensome request. The Court agrees, and also finds such information irrelevant to plaintiff's complaint.

d) Interrogatory No. 4 - Plaintiff asks for the names, titles, duties, etc., of each security-related official at the EARU from January 1, 2009 to the present. Defendants object as overly broad, burdensome and  irrelevant. The Court agrees with the defendants, in that under staffing and racial favoritism in the hiring of ADC staff are not claims presently before this Court.

e) Interrogatory No. 6 - Plaintiff asks for a transcript of a disciplinary hearing tape from December 10, 2009. Defendants object, stating a transcript does not exist, but that they will preserve the audio tape for trial. The Court will deny plaintiff's request.

f) Interrogatory No. 8 - Plaintiff asks for the topics and numbers of each Administrative Regulation and Directive promulgated by the ADC over the past twenty years. Defendants object as overly broad and burdensome and irrelevant to plaintiff's present cause of action. The Court agrees with the defendants.

g) Interrogatory No. 9 - Plaintiff asks for the names and numbers of memoranda available to inmates in the EARU law library. Defendants object and state that plaintiff should seek such information from the law library. The Court agrees with defendants.

h) Request for Production No. 3 - Plaintiff asks for his Status Assignment Sheet. Defendants state they can not provide such for security purposes, but would be willing to re-visit the issue if plaintiff would specify the information which he seeks. Defendants also state plaintiff has not rephrased his request. The Court will deny plaintiff's present request.

i) Request for Production No. 4 - Plaintiff asks for all documents which reflect his custody levels and scores from the time he entered the ADC until the present. Defendants object based on security reasons and also as not leading to admissible evidence at trial. The Court agrees with the defendants.

j) Request for production No. 5 - Plaintiff asks for copies of 33 policies, Administrative Directives, Regulations, and Memoranda which have been created since 2003. Defendants object as irrelevant and unduly burdensome. Defendants also note that many of the policies requested by the plaintiff are available in the Unit law library. The Court agrees with the defendants.

k) Request for Production No. 6 - Plaintiff asks for documents governing "adherence to prescribed treatments," and defendants object as irrelevant and vague and ambiguous. The Court agrees with the defendants.

l) Request for Production No. 7 - Plaintiff asks for the EARU policies governing access to recreation and exercise.  Defendants object as irrelevant, and state that such policies should be available to the plaintiff in the Unit law library.  The Court agrees with the defendants.

m) Request for Production No. 8 - Plaintiff asks for memoranda and directives governing housing in Barracks 6 and 8 of the EARU as a form of punishment.  Defendants respond that such documents do not exist, because placement in those barracks is not based on punishment.  The Court will deny plaintiff's request.

n) Request for Production No. 9 - Plaintiff asks for the policies governing the Varner Super Max 18-month program.  Defendants object, stating such is irrelevant to plaintiff's complaint, and that plaintiff has not been housed in the Super Max for the three years preceding this lawsuit.  The Court will deny plaintiff's request.

o) Request for Production No. 11 - Plaintiff asks for documentation explaining the use of the Westlaw.com service in the EARU law library.  Defendants state they do not possess this documentation and that Westlaw provides its own helpdesk.  The Court will deny plaintiff's request.

p) Request for Production No. 12 - Plaintiff asks for memoranda or other "documents regarding access to additional items, and times per week, when in active litigation, and/or numerous claims, court deadlines, etc., are shown."  Defendants object as vague, ambiguous and irrelevant.  The Court agrees.

In conclusion, the Court finds that the requests objected to by the defendants are legitimate and well-supported, and that plaintiff's motion to compel should be denied.  The Court will also direct  the plaintiff to note Fed.R.Civ.P. 11, which provides as follows:

By presenting to the court a pleading, written motion, or other paper–whether
by signing filing, submitting, or later advocating it–an attorney or unrepresented
party certifies that to the best of the person's knowledge, information, and belief,
formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defendants and other legal contentions are warranted by existing
law or by a nonfrivolous argument....

4) Motion for extension of time (Doc. No. 95) - Plaintiff asks for an extension of thirty days in which to file his objections to the Court's May 14, 2010 Partial Report and Recommendations.  The Court will grant plaintiff's request.

5) Motion for temporary restraining order, order to show cause, for copies (Doc. No. 96) - Although plaintiff styles this as a motion for temporary restraining order, the Court finds that it is a conglomeration of a motion for copies and for an explanation why he is not receiving docketed copies of items filed in this case.  The Court will grant plaintiff's request to receive copies of docket entries ##82, 84, 86-88.  The Court also notes that a prior request for copies was granted in the May 14, 2010 Partial Report and Recommendation, but that such will not be provided to the Court until it is adopted by United States District Judge Brian S. Miller.  The Court also reminds plaintiff that he has requested an extension of time to file his objections to this, for another thirty days.  Plaintiff also complains about not receiving copies of documents in another of his cases.  To the extent that his request involves documents not relating to this case, the Court will deny his motion.  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motions to amend, for reconsideration, and to compel (Doc. Nos. 72, 86, 91), are hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time in which to file objections to the May 14, 2010 Partial Report and Recommendation (Doc. No. 95) is hereby GRANTED.  Plaintiff shall file his objections within thirty days of the date of this Order.  This shall be the last extension granted to plaintiff.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order, which this Court construes as a motion for copies and other objections (Doc. No. 96), is GRANTED in part, with respect to plaintiff's request for copies of docket entries ##82, 84, 86-88, and denied in all other respects.   The Clerk shall forward to plaintiff copies of these documents.

IT IS SO ORDERED this 18th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE