UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JIMMY SHANE CANTRELL,
ADC #98730                                                                                                PLAINTIFF

v.                            CASE NO. 2:09cv00184 BSM/HLJ

MIKE BEEBE, et al.                                                                                   DEFENDANTS

### ORDER

Plaintiff Jimmy Shane Cantrell ("Cantrell") moves for reconsideration of the June 2, 2010 order adopting Magistrate Judge Henry L. Jones's partial report and recommendations dismissing defendants Mike Beebe, Dustin McDaniel, City of Little Rock, Pulaski County Sheriff's Department, Mrs. April, M.D. Reed, Lt. Gallon, Officer Robinson, United States Magistrate Judge H. David Young, Kristen J. Trigg, Darnell Williams, Sgt. Westbrook, Arkansas Department of Correction, Officer Green, Moses Jackson, Maurice Williams, Sgt. T. Sanders, and Lt. Humphry from Cantrell's complaint. [Doc. No. 110]. Additionally, he requests that a motion for temporary restraining order [Doc. No. 4] and motion to amend/correct complaint [Doc. No. 72] be decided, that he be appointed counsel, and that a class be certified. The motion is granted in part and denied in part.

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 60(b) which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by

an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999)).

Cantrell's motion consists mainly of a restatement of arguments presented in the original complaint and objections to the partial report and recommendations. He fails to present anything to support relief under Rule 60(b). Cantrell's request for reconsideration is accordingly denied. Cantrell is correct, however, that his motion for temporary restraining order [Doc. No. 4] was never ruled on. Three motions were contained in Doc. No. 4: a motion for temporary restraining order, a motion for service and a motion to amend/correct the complaint. The motion for service and motion to amend/correct the complaint were denied by a February 22, 2010 order. It appears that the motion for temporary restraining order was overlooked. Therefore, that motion should be re-opened and referred to Magistrate Judge Jerome T. Kearney for disposition.

Cantrell is mistaken that his motion to amend/correct complaint [Doc. No. 72] was never addressed. By order dated June 18, 2010, the motion was denied.

It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir.

2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Courts, however, have discretion to appoint counsel for a *pro se* prisoner if convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, courts must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Johnson*, 788 F.2d at 1323.

Cantrell's claims are not legally or factually complex. Furthermore, it appears from the record that Cantrell is capable of presenting his claims without the benefit of appointed counsel. Therefore, the pertinent factors weigh against appointing counsel and his motion to do so is denied without prejudice.

Additionally, Cantrell has presented no support for his request for class action certification. Therefore, that request is denied.

For the reasons set forth above, reconsideration of the June 2, 2010 order is improper and Cantrell's motion for reconsideration [Doc. No. 110] is denied. The clerk of the court is directed to re-open the motion for temporary restraining order [Doc. No. 4] and that motion is referred to Magistrate Judge Jerome T. Kearney for disposition. Cantrell's request for appointment of counsel is denied without prejudice. The request for class certification is

denied.

  IT IS SO ORDERED this 7th day of October, 2010.


                _____
                UNITED STATES DISTRICT JUDGE