**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JIMMY SHANE CANTRELL,                                                PLAINTIFF
ADC #98730

v.                          2:09-cv-00184-BSM-JTK

MIKE BEEBE, et al.                                                      DEFENDANTS

## **ORDER**

This matter is before the Court on several Motions filed by the Plaintiff.

1)       Plaintiff's Motion for Ruling (Doc. No. 208).

In this Motion, Plaintiff refers to objections he filed to prior rulings of this Court, and asks the Court to rule on these objections. Specifically, Plaintiff objected in Doc. No. 142 to the Court's June 18, 2010 Order (Doc. No. 104) denying his Motions to Amend, for Reconsideration, and to Compel, and granting his Motion for extension to file objections to the Court's Partial Report and Recommendation. Plaintiff also objects to the Court's July 1, 2011 Order (Doc. No. 202) denying his Motions for Re-Hearing, to Appoint Counsel, and to Compel, and granting his Motions for Transcript and copies. Plaintiff appears to ask the Court for a district judge's review over my rulings in these prior Orders.

In this particular case, United States District Judge Brian S. Miller designated that pretrial matters in this case be heard and determined by a United States Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to hear and determine pretrial matters except motions for injunctive relief, summary judgment, or to dismiss (among others). The statute further provides that a "judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or

contrary to law." Id.  To the extent that Plaintiff asks that his objections to my prior orders be reviewed by the district judge, I will deny his Motion. Plaintiff offers no legal arguments in support of his Motion which support a finding that the prior rulings were clearly erroneous or contrary to law. Rather, Plaintiff appears to disagree with my judgment and my decisions, which were rendered fairly and impartially and based on the arguments set forth by the parties in their motions and responses.

      2)      Plaintiff's Motion for Extension of Time (Doc. No. 209)

In this Motion, Plaintiff asks for an extension of time of sixty days in which to file objections to the Court's June 6, 2011 Partial Report and Recommendation (Doc. No. 196). Plaintiff states he has not yet received the transcript of the Court's May 23, 2011 Pre-Jury Evidentiary Hearing, which the Court granted in a prior Order. The Court explained to Plaintiff, by letter, that even though his Motion for Transcript was granted, the Court does not have the funds to pay for such and Plaintiff must bear the costs of paying for any transcript. The Court also provided Plaintiff with alternatives to obtaining the transcript. Therefore, the Court will grant Plaintiff's Motion in part, granting him an additional fifteen days in which to file his objections.

      3)      Plaintiff's Motion to Compel, for Copies, and to Continue (Doc. No. 210).

In his Motion to Compel, Plaintiff asks for grievance procedures and transcripts of disciplinary hearings which were previously denied by Defendants. He also claims the law library has denied requests for procedures on at least two occasions, and that Defendants should therefore produce to him these documents. Plaintiff asks the Court for a thirty day extension of the summary judgment process, and states further in his Motion that his request for copies is moot.

In their Response (Doc. No. 211), Defendants state the same procedures at issue in this case were at issue in a previous case filed by the Plaintiff, and were provided to him as attachments to

a summary judgment motion in that case. See Cantrell v. Via, 5:06-cv-00009-BRW. Defendants further state that the procedures requested by Plaintiff deals with the disciplinary appeal process, of which Plaintiff was aware because of the prior litigation, and portions of which have been attached to Defendants' pending Summary Judgment Motion (Doc. No. 205-1). Finally, Defendants provide a print-out from the Unit law library which reflects Plaintiff's requests over the past two years to show that Plaintiff did not request the disciplinary appeals policy or procedure, AD 08-87. (Doc. No. 211-1).

The Court finds no merit to Plaintiff's Motion to Compel. The relevant portions of the disciplinary appeals procedure are attached to Defendants' Motion for Summary Judgment, and Plaintiff provides no proof to support his allegations that his requests for this procedure at the law library were denied. Therefore, the Court will deny his Motion to Compel and his Motion to Continue the summary judgment process. Accordingly,

IT IS, THEREFORE, ORDERED that:

1) Plaintiff's Motion for Ruling (Doc. No. 208) is DENIED.

2) Plaintiff's Motion for Extension of Time to file Objections to the June 6, 2011 Partial Report and Recommendation (Doc. No. 209) is GRANTED in part. Plaintiff shall file his objections within fifteen days of the date of this Order.

3) Plaintiff's Motion to Compel (Doc. No. 210) is DENIED.

4) Plaintiff's Motion to Continue (Doc. No. 210) is DENIED. Plaintiff shall file a Response to the Defendants' Summary Judgment Motion within twenty days of the date of this Order. Failure to respond shall result in the dismissal without prejudice of Plaintiff's Complaint.

5) Plaintiff's Motion for Copies (Doc. No. 210) is DENIED as moot.

IT IS SO ORDERED this 26th day of July, 2011.

                                                                JEROME T. KEARNEY
                                                               UNITED STATES MAGISTRATE JUDGE